GARY R. GOODHEART, ESQ. (NV Bar #1203)
KARL L. NIELSON, ESQ. (NV Bar #5082)
FENNEMORE CRAIG, P.C.
300 S. Fourth Street, Suite 1400
Las Vegas, NV 89101
Telephone:  (702) 692-8000
Facsimile:  (702) 692-8099
Email: ggoodheart@fclaw.com
         knielson@fclaw.com

RICHARD H. BROWN, ESQ.
(*pro hac vice* to be submitted)
DAVID I. GREENBAUM, ESQ.
(*pro hac vice* to be submitted)
DAY PITNEY LLP
7 Times Square, 20th Floor
New York, NY 10036
Telephone:  (212) 297-5854
Facsimile:  (973) 206-6129
Email:  rbrown@daypitney.com
         dgreenbaum@daypitney.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| WENGER S.A, <br><br> Plaintiff <br><br> v. <br><br> FUZHOU HUNTER PRODUCT IMPORT AND EXPORT CO., LTD.; SWISSDIGITAL USA CO., LTD.; KRUMMHOLZ INTERNATIONAL INC.; SWISSGEAR SARL; and ZHIJIAN "HUNTER" LI, <br><br> Defendants. | Case No. <br><br><br><br><br><br> JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff Wenger S.A. (hereinafter "Plaintiff" or "Wenger"), a Switzerland société anonyme with headquarters at Route de Bâle 63, Delémont, Switzerland, CH-2800, brings this Complaint against:  Fuzhou Hunter Product Import and Export Co., Ltd.; Swissdigital USA Co.,

1

Ltd. (formerly known as Swissgear USA Co., Ltd.); Krummholz International Inc. (formerly known as Swissgear North America Co., Ltd); and Swissgear Sarl (collectively, the "Fuzhou Hunter Entities"), and Mr. Zhijian (Hunter) Li, individually (hereinafter "Hunter Li"). The Fuzhou Hunter Entities and Hunter Li are collectively referred to herein as the "Defendants." As set forth below, Defendants are infringing Wenger's longstanding intellectual property rights, and are also engaged in an improper effort to commandeer certain of Wenger's intellectual property rights.

## THE PARTIES

1.    Plaintiff Wenger S.A. is a Switzerland société anonyme, with its principal place of business at Route de Bâle 63, Delémont, Switzerland, CH-2800.

2.    On information and belief, Defendant Fuzhou Hunter Product Import and Export Co. Ltd. ( "Fuzhou Hunter") is a company organized and existing under the laws of People's Republic of China, with its principal place of business at 24/F Suite A Huankaifugui Office Building No 36, Dongda Road, Fuzhou, Fujian, 350001 China. On information and belief, Hunter Li has been and continues to be a legal representative and director of Fuzhou Hunter.

3.    On information and belief, Defendant Swissdigital USA Co., Ltd. (hereinafter "Swissdigital") is a company organized and existing under the laws of Delaware with its principal place of business located at 7 Cortina Court, Richmond Hill, Ontario, Canada L4B 3G8. Upon further information and belief, Swissdigital USA was incorporated under the name Swissgear USA Co., Ltd., until October 2014, when it changed its name to the current name. On information and belief, Hunter Li is the president of Swissdigital.

4.    On information and belief, Defendant Krummholz International, Inc. (hereinafter "Krummholz") is a company organized and existing under the laws of Canada, with its principal place of business at 7 Cortina Court, Richmond Hill, Ontario, Canada L4B 3G8. Upon further information and belief, Krummholz was at one point named Swissgear North America Co., Ltd. On information and belief, Hunter Li is the president and a director of Krummholz.

5.    On information and belief, Defendant Swissgear Sarl is a limited liability company organized and existing under the laws of Switzerland with its principal place of

2

business located at Haldenstrasse 5, 6340 Baar, Switzerland.  On information and belief, Hunter Li is the President of the Management of Swissgear Sarl.  Moreover, Swissgear (Group) S.A., a company headquartered in the British Virgin Islands, is registered as a shareholder of Swissgear Sarl.

6.      On information and belief, Defendant Hunter Li is a citizen of the People's Republic of China and has a mailing address of 43 Gorden Rowe Crescent, Richmond Hill, Ontario L4C 8S1, Canada.

7.      On information and belief, the Fuzhou Hunter Entities are affiliated with each other, in part because Hunter Li is either a director, principal or president of each of the entities, and he directs the operations of those entities, including the infringing conduct discussed below. In addition, some companies are directly linked to each other since some entities are founding members or shareholders of other Fuzhou Hunter companies.  Upon information and belief, the misconduct of the Fuzhou Hunter Entities is being directed and supervised by Hunter Li, who controls and has a financial interest in the Fuzhou Hunter Entities.

## JURISDICTION AND VENUE

8.      This is an action for trademark counterfeiting, trademark infringement, trademark dilution, unfair competition, false advertising, false designation of origin, and cancellation of a registered trademark under the trademark laws of the United States (the "Lanham Act"), and copyright infringement under the United States Copyright Act of 1976 (the "Copyright Act"). This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), and pursuant to 15 U.S.C. §§1114, 1116, 1117, 1119, 1120, 1121(a), and 1125 of the Lanham Act, and 17 U.S.C. §101 *et seq.* and §501 *et seq.* of the Copyright Act.  This Court has supplemental jurisdiction over all other claims asserted herein under 28 U.S.C. § 1367(a).

9.      Defendants are subject to the personal jurisdiction of this Court because the Defendants conducted infringing acts of advertising, displaying, and offering their products for sale in the State of Nevada, within this District, giving rise to these causes of action.

10.      In particular, defendants Swissdigital and Krummholz have stated in a separate civil action filed in the Western District of New York (*Krummholz International, Inc. and*

3

*Swissdigital USA Co, Ltd. v. Wenger, S.A.*, Docket No. 15-0086, filed Jan. 29, 2015) ("the New York Action") that they have attended previous trade shows in Las Vegas, Nevada, where they engaged in conduct that Wenger asserts constitutes infringement of its trademark and copyright rights.

11.    In addition, defendants Swissdigital and Krummholz assert in the New York Action that their "related companies" have engaged in similar conduct in Las Vegas, Nevada. Upon information and belief, those "related companies" include Fuzhou Hunter and Swissgear Sarl, and possibly others.

12.    Upon information and belief, some of the Fuzhou Hunter Entities attended the TGA Trade Show in March 2014 (in Phoenix, Arizona), the Las Vegas Licensing Expo 2014 from June 17-19, 2014, and the 2015 International Consumer Electronics Trade Show in Las Vegas, Nevada from January 6-9, 2015.

13.    Fuzhou Hunter is listed as an exhibitor for the Licensing Expo scheduled for June 9-11, 2015 in Las Vegas, Nevada.

14.    Upon information and belief, Hunter Li, in his capacity as director, principal and/or president of each of the Fuzhou Hunter Entities, has attended trade shows in Las Vegas, Nevada, and participated in and directed the conduct that Wenger asserts constitutes infringement of its rights.

15.    Venue of this action is proper in the District of Nevada under 28 U.S.C. 1391(b) and (c) because the Defendants have conducted business in Nevada, have committed acts of infringement in Nevada, and are subject to personal jurisdiction in Nevada.

**FACTS COMMON TO ALL COUNTS**

A.    Plaintiff Wenger and its Intellectual Property Rights

16.    Wenger has been a premier global provider of many goods including, but not limited to, knives, watches and other products.  Founded in 1908, Wenger has a global reputation as the maker of SWISS ARMY brand knives and other high quality products.  More recently, Wenger, either directly or through its authorized licensees, has marketed and sold high-quality goods, including watches, footwear, travel gear, backpacks, luggage, and computer

cases, in the United States.

17. At least as early as 1991, Plaintiff adopted the distinctive logo of a cross on a square with rounded corners, outlined by another square with rounded corners (hereinafter, the "Wenger Emblem"), shown below:



18. The Wenger Emblem is registered in the United States Patent and Trademark Office under U.S. Trademark Reg. Nos. 4,024,369; 4,109,108; 3,820,133; 4,301,579; 3,291,272; 3,291,271; 3,291,266; and 3,405,840 (collectively, the "Wenger Emblem Registrations"), covering a variety of goods across a number of International Classes, including Classes 8, 9, 11, 14, 16, 18, 20, 22, 25, and 28. Copies of the registration certificates for certain Wenger Emblem Registrations are appended to this Complaint as Exhibit A.

19. Plaintiff or its authorized licensees have been continuously using Wenger Emblem in the U.S. in connection with goods in International Classes 8 and 14 since at least as early as 1993; in connection with goods in International Classes 9, 11, 16, 18, 20 and 22; in connection with goods in International Class 25 since at least as early as 2005; and in connection with goods in International Class 28 since at least as early as 2006. A table listing some of the registrations for the Wenger Emblem is below.

| **Mark** | **Reg. No.** | **Goods** |
|---|---|---|
|  | 3,820,133 | *Cutlery, in particular pocket knives, multi-purpose pocket knives, multi-purpose knives, folding knives, and other products*, in Class 8; *Camera cases; computer carrying cases, mobile phone and cell phone cases and other products*, in Class 9; *Appliances, namely, battery-operated lights for camping; flashlight pointers*, in Class 11; *Watches of Swiss origin*, in Class 14; *Leather passport holders and other products*, in Class 16; *All-purpose carrying dry bags, luggage, backpacks, daypacks, and other products*, in Class 18; *Sleeping and nap mats, sleeping bags, and other products* , in Class 20; and *Tents, and other products*, in Class 22. |

| | | |
|---|---|---|
|  | 4,301,579 | *Clothing for men, women and children, namely, rainwear, belts, socks, hosiery; footwear, and other products*, in Class 25. |
|  | 4,024,369 | *Cutlery, in particular pocket knives, multi-purpose pocket knives, multi-purpose knives, folding knives, and other products*, in Class 8; *Camera cases; computer carrying cases, mobile phone and cell phone cases and other products*, in Class 9; *Appliances, namely, battery-operated lights for camping; flashlight pointers*, in Class 11; *Watches of Swiss origin*, in Class 14; *Leather passport holders and other products*, in Class 16; *All-purpose carrying dry bags, luggage, backpacks, daypacks, and other products*, in Class 18; *Sleeping and nap mats, sleeping bags, and other products* , in Class 20; and *Tents, and other products*, in Class 22. |
|  | 4,109,108 | *Footwear*, in Class 25. |
|  | 3,291,271 | *Camera cases*, in Class 9; *Binders, card files, binders and file pockets, folios*, in Class 16; and *waistpacks, shopping bags, bags worn on the body, business cases, shoe bags for travel, travel bags, travel pouches, all-purpose personal care bags, and other products*, in Class 18. |
|  | 3,405,840 | *Computer carrying cases, specialty holsters for carrying personal digital assistants*, in Class 9; *Leather passport holders*, in Class 16; *All-purpose dry bags, luggage, backpacks, daypacks, and other products*, in Class 18; *Sleeping and nap mats, sleeping bags, and other products*, in Class 20; and *tents, and other products*, in Class 22 |

20.     At least as early as 2003, Wenger adopted the mark SWISSGEAR for use with the travel gear, business gear, outdoor gear, and recreational and other products in the U.S. Wenger has registrations for SWISSGEAR in the United States Patent and Trademark Office (Reg. Nos. 3,769,824, 4,230,244, 3,291,272, and 3,291,266) (collectively, the "SWISSGEAR Registrations"), covering a variety of goods across a number of International Classes, including

6

Classes 9, 11, 16, 18, 20, 22, 25, and 28.

21.    Copies of the registration certificates for certain of the SWISSGEAR Registrations are appended to this Complaint as Exhibit B.

22.    Plaintiff or its authorized licensees have been continuously using SWISSGEAR in the U.S. in connection with goods in International Class 9 since at least as early as 2004; in connection with goods in International Class 11 since at least as early as 2003; in connection with goods in International Class 16 since at least as early as 2006; in connection with goods in International Class 18 since at least as early as 2003; in connection with goods in International Class 20 since at least as early as 2003; in connection with goods in International Class 22 since at least as early as 2003; in connection with goods in International Class 25 since at least as early as 2011; and in connection with goods in International Class 28 since at least as early as 2003. A table showing some of the SWISSGEAR registrations (including some with the Wenger Emblem) is below.

| **Mark** | **Reg. No.** | **Goods** |
|---|---|---|
| **SWISSGEAR** | 3,769,824 | *Computer carrying cases, camera cases, and other products,* in Class 9; *leather passport holders,* in Class 16; *All-purpose dry bags, luggage, backpacks, daypacks, and other products,* in Class 18; *Sleeping and nap mats, sleeping bags, and other products,* in Class 20; *Tents, and other products,* in Class 22. |
| **SWISSGEAR** | 4,230,244 | *Clothing, namely, footwear, shoes, boots, hats, socks, hosiery, headwear,* in Class 25. |
|  | 3,291,272 | *Computer carrying cases, camera cases, and other products,* in Class 9; *Appliances, namely, battery operated lights for camping,* in Class 11; *leather passport holders,* in Class 16; *All-purpose dry bags, luggage, backpacks, daypacks, and other products,* in Class 18; *Sleeping and nap mats, sleeping bags, and other products,* in Class 20; *Tents, and other products,* in Class 22; *Clothing, namely, security money belts,* in Class 25; and *Air mattresses for recreational and home use, and other products,* in Class 28. |
|  | 3,291,266 | *Computer carrying cases, camera cases, and other products,* in Class 9; *Appliances, namely, battery operated lights for camping,* in Class 11; *leather passport holders,* in Class 16; *All-purpose dry bags, luggage, backpacks, daypacks, and other products,* in Class 18; *Sleeping and nap mats, sleeping bags, and other products,* in Class 20; *Tents, and other products,* in Class 22; *Clothing, namely, security money belts,* in Class 25; and *Air mattresses for recreational and home use,* |

| | | *and other products*, in Class 28. |
|---|---|---|

23.     Plaintiff is the owner of U.S. Copyright Registration No. VA-1935912 covering a design incorporating Wenger Emblem, seen below (hereinafter, the "Wenger Logo Design"):



24.     A copy of the registration certificate for the Wenger Logo Design is appended to this Complaint as Exhibit C.

25.     Plaintiff is the owner of all right, title and interest in and to the Wenger Logo Design.

26.     Plaintiff also owns common law trademark rights in the Wenger Logo Design.

27.     In 2004, Plaintiff, through its authorized licensee, commenced use of the Wenger Logo Design in connection with goods sold in U.S. commerce, thereby conferring common-law trademark rights in the Wenger Logo Design to Plaintiff.   Plaintiff's licensee has used the Wenger Logo Design in commerce continuously from 2004 to the present.

28.     Plaintiff has expended considerable effort and expense in promoting its Wenger Emblem marks, its SWISSGEAR marks, and the Wenger Logo Design, and goods sold thereunder, with the result that the purchasing public has come to know, rely upon, and recognize Wenger Emblem and SWISSGEAR, individually or in tandem, as indicators of a single source of origin and symbol of quality for the goods sold by Plaintiff and its authorized licensees under these trademarks (hereinafter, "Plaintiff's Goods").

29.     For many years, Wenger has expended millions of dollars annually in advertising, promoting and marketing SWISSGEAR and the Wenger Emblem throughout the United States and the world, through such varied media as the Internet and point-of-sale displays.   Wenger operates websites at  <wengerna.com> and <http://eu.wenger.ch/en>.  As a

result of use of Wenger's products and the advertising seen by millions, Wenger has developed substantial and valuable goodwill in the SWISSGEAR, Wenger Emblem, and the Wenger Logo Design marks.

30.     The nature of the advertising by Wenger and its authorized licensees, including its scope and geographical reach, has resulted in the Wenger Emblem, SWISSGEAR, and the Wenger Logo Design becoming widely recognized by the general consuming public.

B.     Defendants' Conduct

31.     Defendants are engaged in a wrongful scheme to create confusion amongst consumers between their goods and the high quality Plaintiff's Goods.  Defendants' scheme has included: a) the formation of companies with the name "Swissgear" (even though Wenger owns the trademark SWISSGEAR, used since at least 2003, and subject to trademark registrations thereof), and then prominently mentioning the Swissgear company names in marketing and advertising; b) having Krummholz seek and ultimately obtain a trademark registration of the Wenger Logo Design, notwithstanding that Wenger's trademark and copyright rights in the Wenger Logo Design antedate any use by Defendants; c) marketing products, including, but not limited to, backpacks and watches, using the Wenger Logo Design, the Wenger Emblem, and SWISSGEAR, thereby infringing Wenger's intellectual property rights; and d) making false and misleading statements that connote an affiliation between the Defendants and Wenger, where none exists.

1.     Defendants' Use of the Swissgear Name

32.     One defendant (Swissgear Sarl) currently has "Swissgear" as part of its company name.  Two other defendants (Swissdigital and Krummholz) also used "Swissgear" as part of their corporate names until recently, when they changed to their current names.  Other entities believed to be related to the Fuzhou Hunter Entities also have "Swissgear" as part of their respective names.

33.     In addition, Defendant Swissgear Sarl adopted, registered, and used the <swissgearsarl.com> domain name in or about 2014.

34.     The aforementioned defendants first adopted Swissgear as part of the company

name and/or domain names well after Wenger's SWISSGEAR marks were first used, registered and became famous.

2.   <u>Krummholz Seeks Trademark Registration for the Wenger Logo Design.</u>

35.   Wenger, through its authorized licensee, first began using the Wenger Logo Design as a trademark no later than 2003. On information and belief, that usage was known to Hunter Li and the Fuzhou Hunter Entities before Krummholz applied for a trademark registration on a substantially similar logo on or about May 25, 2013. On January 7, 2014, the PTO granted a registration to Krummholz (No. 4,462,487) on the logo show below (the "Krummholz Registration"):



36.   The Krummholz Registration identifies the following goods: *Calculators; Carrying cases for cell phones; Computer bags; inter alia* in Class 9; *Backpacks; Daypacks; inter alia*, in Class 18, and *Coats; Jackets; Pants; inter alia*, in Class 25. (A copy of the registration certificate for the Krummholz Registration is attached hereto as Exhibit D).

37.   The Krummholz Registration is for a logo that is substantially and confusingly similar to the Wenger Logo Design, as illustrated below:

          

Wenger Logo Design          Krummholz Registration

38.   The Krummholz Registration is also confusingly similar to Wenger Emblem in that the Krummholz Registration includes the entire Wenger Emblem, as illustrated below:





Wenger Emblem                    Krummholz Registration

39.   The records at the U.S. Patent and Trademark Office show that in March 2014 (shortly after issuance of the Krummholz Registration), Krummholz changed its name to Swissgear North America Co., Ltd., and recorded the name change in connection with the Krummholz Registration on August 20, 2014.

40.   Upon information and belief, the application for what became the Krummholz Registration was in the name of Krummholz International, Inc. (rather than Swissgear North America) in an effort to conceal from Wenger that an application was being filed for a mark that was virtually identical to the Wenger Logo Design.  Had the application been filed in the name of Swissgear North America Co., Ltd., there would have been a greater chance that Wenger would have detected the filing before it matured into a registration.  Once the registration issued, the registrant's corporate name was changed to Swissgear North America Co., Ltd.  In late January 2015, immediately before filing the New York Action, the company name was changed back to Krummholz International, Inc.

41.   On January 15, 2015, Wenger filed a cancellation proceeding at the Trademark Trial and Appeal Board of the United States Patent and Trademark Office against Swissgear North America Co., Ltd. (at the time, the name of the registrant) to cancel the Krummholz Registration, among other relief.  The cancellation proceeding has since been stayed pending an outcome in the New York Action.

3.   <u>Defendants' Infringing Conduct and Other Misconduct</u>

42.   The Fuzhou Hunter Entities are infringing Wenger's rights by using SWISSGEAR,

11

the Wenger Emblem, and the Wenger Logo Design in connection with marketing and selling their products.  Often, the Fuzhou Hunter Entities are combining various aspects of this infringing conduct, with the central goal always being to confuse customers into believing that Defendants' goods are somehow authorized by, or affiliated with, Wenger.

43.     Upon information and belief, the Fuzhou Hunter Entities' conduct is being directed and supervised by Hunter Li, who controls and has a direct financial interest in the Fuzhou Hunter Entities.  Hunter Li has been involved in marketing these entities' products in, among other places, Las Vegas, Nevada.  Examples of the infringing conduct are described below.

a.     <u>Infringement of Wenger's Intellectual Property Rights at Trade Shows/Conventions</u>

44.     In the New York Action, Krummholz and Swissdigital have stated that they, along with their related companies, previously marketed products using the Krummholz Registration in Las Vegas, Nevada.  Upon information and belief, such products include backpacks and watches, which compete directly with Wenger's products.

45.     Upon information and belief, some of the Defendants have attended other trade shows in Las Vegas, including the January 2015 Consumer Electronics Show, and marketed the same goods at those shows.

46.     A photo of a booth used by at least certain of the Defendants at the 2015 Consumer Electronics Show in Las Vegas, Nevada appears below:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

12





47.    The photos above depict use of the Krummholz Registration, which infringes Wenger's rights in the Wenger Emblem and the Wenger Logo Design.   In addition, the prominent use of the phrase "BY SWISSGEAR SARL" constitutes infringement of Wenger's trademark rights in Swissgear, and falsely designates Defendants' products.

48.    The Fuzhou Hunter Entities' use of the Krummholz Registration on their goods

13

is likely to cause confusion with the Wenger Emblem and Wenger Logo Design in the eyes of consumers, and injury to Wenger.

49.     Defendant Fuzhou Hunter is listed as an exhibitor at the June 9-11, 2015 Licensing Expo trade show being held in Las Vegas, Nevada, and Fuzhou Hunter's website indicates the same.  It was not until the start of the Licensing Expo that Wenger learned that Defendant Fuzhou Hunter is exhibiting products using a close and infringing copy of the Wenger Logo Design.

b.     <u>Marketing and Sales of Infringing Goods Through Certain of Defendants' Websites</u>

50.     Until recently, Defendant Fuzhou Hunter advertised itself as a "30-year licensee of Swissgear (Group) SA."  That statement was false and misleading.  First, the records indicate that Swissgear (Group) SA, the British Virgin Islands entity, was formed in 2014.  Second, the statement is designed to suggest that Fuzhou Hunter has been a longstanding licensee of Wenger (and/or potentially Wenger's parent, Victorinox AG) in a transparent effort to trade off the goodwill developed by Wenger.  Such a suggestion is false and misleading, as Fuzhou Hunter has never been a licensee of Wenger.  For a period of time, Group III International, an authorized Wenger licensee, designated one of the Fuzhou Hunter Entities as a manufacturer of backpacks and other products.  That manufacturing relationship has ended, and none of the Fuzhou Hunter Entities is manufacturing products for any of the Wenger's licensees, nor are they authorized to use Wenger's trademarks and/or copyrights.

51.     In addition, Fuzhou Hunter prominently displays the Krummholz Registration (which is virtually identical to the Wenger Logo Design) on its website, apparently as a corporate logo.  Fuzhou Hunter's combined use of SWISSGEAR and the Wenger Logo Design (and use of the Wenger Logo Design alone), and Fuzhou Hunter's assertion that it was a licensee of Swissgear (Group) SA, are likely to cause confusion with the Wenger's protected marks in the eyes of consumers, and suggest an association between Wenger and Fuzhou Hunter, where none exists.  Upon information and belief, Hunter Li had directed and/or caused Fuzhou Hunter to make the foregoing statements.

52.     A   screen-shot   of   Fuzhou   Hunter's   advertising   from   its   website

14

&lt;hunterbags.manufacturer.globalsources.com&gt;, as of March 2015, can be seen below:



53.   Until recently, Fuzhou Hunter maintained a "Q&A" page on its website regarding alleged licensor Swissgear (Group) SA.  The first question presented asks "1. How does your offer work? Will it be the Wenger brand only or including the Swiss Army brand as well?"  The answer given states "Including Swiss Army brand and Swissgear brand as well, the actual offer are Swiss Army Logo and by Swissgear (Group) SA brand."  (Emphasis Added).

54.   As noted above, Wenger S.A. has the global reputation as the maker of SWISS ARMY brand products.  The statement that Fuzhou Hunter's products include the Wenger brand is false and misleading and is likely to cause confusion with Wenger's protected marks in the eyes of consumers and lead to a belief that Fuzhou Hunter's products are affiliated, sponsored, or authorized by Wenger, causing damage to Wenger and the public.  Upon information and belief, Hunter Li had directed and/or caused Fuzhou Hunter to make the foregoing statements.

55.   As of May 28, 2015, the "Q&A" page regarding alleged licensor Swissgear (Group) SA has been removed.  However, the Fuzhou Hunter Website continues to advertise products under the SWISSGEAR mark and using the Wenger Logo Design, as seen below. Upon information and belief, Hunter Li had directed and/or caused Fuzhou Hunter to make the foregoing statements.

4.   Defendants' Bad Faith

56.   Upon information and belief, Defendants knew of Plaintiff's use of SWISSGEAR, the Wenger Emblem, and the Wenger Logo Design, and of the SWISSGEAR Registrations and the Wenger Emblem Registrations, prior to their first use of their infringing SWISSGEAR company names and mark, and their use of the Wenger Emblem and Wenger Logo Design.

57.   In particular and upon information and belief, Hunter Li founded the various corporate entities that have the SWISSGEAR name and use the Wenger Logo Design as their corporate logo, despite his knowledge of Wenger's prior longstanding use of the Wenger Logo Design, and the marks protected by the SWISSGEAR Registrations, and the Wenger Emblem Registrations.  Such conduct evidences Hunter Li's bad faith and willful intent to infringe.

58.   On information and belief, Hunter Li personally attended various trade shows in the United States on behalf of various Fuzhou Hunter Entities in attendance, whose products were offered under SWISSGEAR and the Wenger Logo Design.  For example, on information and belief, Mr. Li attended CES in Las Vegas, Nevada in January 2015, where Swissgear Sarl (and possibly other Fuzhou Hunter Entities) offered product using the name SWISSGEAR and the Wenger Logo Design.  In addition, Mr. Li attended the March 2014 Travel Goods Association Trade Show in Phoenix, Arizona, and participated in and directed the infringement

by Fuzhou Hunter at that show.

59.    At a minimum, Defendants had constructive knowledge of Plaintiff's use of SWISSGEAR, the Wenger Emblem, and the Wenger Logo Design, and of the SWISSGEAR Registrations and the Wenger Emblem Registrations, prior to their first use of their infringing SWISSGEAR company names and mark, and first use of the Wenger Emblem and Wenger Logo Design.

60.    Defendants nevertheless intentionally adopted SWISSGEAR, the Wenger Emblem, and the Wenger Logo Design to take advantage of the tremendous reputation and goodwill of Wenger's famous marks, and continue to do so knowing of the irreparable harm that they have caused and will continue to cause Wenger, its marks, and the public.

61.    Defendants knew or should have known that SWISSGEAR, company names containing SWISSGEAR, and domain names containing SWISSGEAR infringe and/or dilute Wenger's rights in SWISSGEAR.  Thus, the Defendants acted knowingly, willfully, and in bad faith.

62.    Defendants' use of SWISSGEAR, the Wenger Emblem, and the Wenger Logo Design tarnishes and dilutes the distinctive quality of SWISSGEAR, the Wenger Emblem, and the Wenger Logo Design.

63.    In addition to the conduct described above, Defendants are continuing their attempt to hijack Wenger's intellectual property rights.  On information and belief, Swissdigital has filed U.S. Application Nos. 86/374,177 and 86/374,1745 (hereinafter collectively, the "Swissdigital Applications") for slightly modified versions of Krummholz Registration, which also embody and copy the Wenger Logo Design and incorporate the Wenger Emblem:

          

App. No. 86/374,177                    App. No. 86/374,174

64.    On information and belief, Swissdigital and other Fuzhou Hunter Entities offer goods that compete with Plaintiff's Goods in the U.S. using the designs sought to be covered by the Swissdigital Applications.

65.    The Swissdigital Applications have been rejected by the U.S. Patent and Trademark Office based on a likelihood of confusion with the trademarks subject of the Wenger Emblem Registrations.

5.    <u>Injury to Wenger and the Public</u>

66.    Defendants' misconduct, including their unauthorized use of SWISSGEAR in company names and domain names, and their use of the Wenger Emblem and Wenger Logo Design, are likely to cause confusion and deception as to the source or origin of the Fuzhou Hunter Entities' products and/or affiliation with Wenger, and are likely to falsely suggest a connection or association between the Fuzhou Hunter Entities, their products, and/or their commercial activities with Wenger, where no such connection or association exists.

67.    Defendants' misconduct is likely to cause confusion, or to cause mistake, or to deceive persons wishing to purchase Plaintiff's Goods, causing injury to Wenger.

68.    Through their conduct, Defendants intend to convince consumers and others that the Fuzhou Hunter Entities' products are the same as the authorized Wenger products. Defendants market the products to the same classes of consumers as Wenger and through the same trade channels.

69.    By way of example, Defendants have marketed their infringing products at several trade shows in Las Vegas Nevada, including a Travel Goods Association trade show, where Wenger, through its licensee, has exhibited, offered, and promoted products.  In addition, some of the Defendants infringed Wenger's intellectual property rights at the January 2015 CES in Las Vegas, Nevada.

70.    Defendants' misconduct, including their unauthorized use of SWISSGEAR, the Wenger Emblem, and the Wenger Logo Design, has damaged and irreparably injured Wenger.

71.    If permitted to continue, Defendants' misconduct will irreparably injure and damage Wenger and cause further dilution to Wenger's marks, its logos, its company name, and

1    its domain names.

2        72.     Defendants' misconduct has damaged and irreparably injured the public, and if

3 permitted to continue, will continue to damage and irreparably injure the public who have an

4 interest in being protected from confusion.

5        73.     Defendants' actions described above have diluted and are likely to continue to

6 dilute and tarnish the distinctiveness and value and reputation of the famous SWISSGEAR

7 marks, the famous Wenger Emblem, and the Wenger Logo Design.

8                                 **CLAIMS FOR RELIEF**

9                                **FIRST CLAIM FOR RELIEF**

10   **Trademark Infringement under 15 U.S.C. § 1114(1) (against all Defendants)**

11        74.     Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth

12 herein.

13        75.     Plaintiff owns and has several registrations for marks that incorporate

14 SWISSGEAR on the Principal Register of the United States Patent and Trademark Office, as

15 identified above.

16        76.     By virtue of their registration with the United States Patent and Trademark

17 Office, Plaintiff's marks are entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, et.

18 seq.

19        77.     The Fuzhou Hunter Entities' use of the identical SWISSGEAR mark is

20 confusingly similar to Plaintiff's registered SWISSGEAR marks.

21        78.     The Fuzhou Hunter Entities are not authorized by Plaintiff to use Plaintiff's

22 SWISSGEAR marks, or any confusingly similar variations thereof in any way.

23        79.     The Fuzhou Hunter Entities' use of SWISSGEAR is likely to cause confusion

24 among consumers.

25        80.     Upon information and belief, Hunter Li, with knowledge of the Wenger's

26 trademark rights in SWISSGEAR, has directed and/or caused the Fuzhou Hunter Entities to

27 infringe Plaintiff's rights in SWISSGEAR.

28        81.     Defendants' use of the term SWISSGEAR to sell their products constitutes

infringement of Plaintiff's registered SWISSGEAR marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C § 1114(1).

82.     Upon information and belief, the aforesaid acts, by which Defendants are profiting, were undertaken willfully and with the intention of causing customer confusion, mistake, or deception as to the source, sponsorship by or affiliation with Plaintiff.

83.     By reason of Defendants' infringing conduct, Plaintiff is suffering irreparable harm and, unless Defendants are enjoined from continuing their infringing conduct, Plaintiff will continue to suffer irreparable harm from Defendants' conduct.

84.     In addition to injunctive relief, Plaintiff is entitled to profits, damages, and costs as provided by law including treble damages and attorneys' fees in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
### Trademark Infringement Under 15 U.S.C. § 1114(1) (against all Defendants)

85.     Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

86.     Plaintiff owns and has registered several Wenger Emblem marks on the Principal Register of the United States Patent and Trademark Office, as identified above.

87.     By virtue of their registrations with the United States Patent and Trademark Office, Plaintiff's marks are entitled to protection under the Lanham Act, 15 U.S.C. §§ 1051, et. seq.

88.     The Fuzhou Hunter Entities' use of the mark covered by the Krummholz Registration is confusingly similar to Plaintiff's registered Wenger Emblem marks in that Krummholz Registration encompasses the entire Wenger Emblem.

89.     The Fuzhou Hunter Entities are not authorized by Plaintiff to use Plaintiff's Wenger Emblem marks, or any confusingly similar variations thereof in any way.

90.     Upon information and belief, Hunter Li, with knowledge of the Wenger's trademark rights in the Wenger Emblem, has directed and/or caused the Fuzhou Hunter Entities to infringe Plaintiff's rights in the Wenger Emblem.

91.     Defendants' use of the Krummholz Registration constitutes infringement of Plaintiff's registered Wenger Emblem marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C § 1114(1).

92.     Upon information and belief, the aforesaid acts, by which Defendants are profiting, were undertaken willfully and with the intention of causing customer confusion, mistake, or deception as to the source, sponsorship by or affiliation with Plaintiff.

93.      By reason of Defendants' infringing conduct, Plaintiff is suffering and will continue to suffer irreparable harm and, unless Defendants are enjoined from continuing their infringing conduct, Plaintiff will continue to suffer irreparable harm from Defendants' conduct.

94.     In addition to injunctive relief, Plaintiff is entitled to profits, damages, and costs as provided by law including treble damages and attorneys' fees in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
### Unfair Competition Under 15 U.S.C. § 1125(a) (against all Defendants)

95.     Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

96.     Defendants' use of the Krummholz Registration constitutes infringement of Wenger's trademark rights in the Wenger Logo Design.

97.     In addition to the conduct described in the foregoing paragraph, Defendants' infringing conduct and false and misleading statements that suggest an association or connection between Plaintiffs and the Fuzhou Hunter Entities where none exists, constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

98.     Upon information and belief, the Defendants have acted with the intention of causing confusion, mistake, and deception, and of misappropriating the goodwill associated with Plaintiff's marks to profit thereby to the detriment of Plaintiff.

99.     As a result of Defendants' conduct, Plaintiff is suffering irreparable harm and, unless the Defendants are enjoined from continuing these wrongful acts, Plaintiff will continue to suffer irreparable harm.

100.    In addition to injunctive relief, Plaintiff is also entitled to profits, damages and costs, as provided by law, including treble damages and attorneys' fees, in an amount to be determined at trial.

**FOURTH CLAIM FOR RELIEF**
**Trademark Dilution under 15 U.S.C. § 1125(c) (against all Defendants)**

101.    Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

102.    Wenger Emblem and SWISSGEAR are famous marks within the meaning of the Trademark Dilution Revision Act.

103.    Wenger Emblem and SWISSGEAR are inherently distinctive and have further acquired a strong recognition in the general marketplace and in the consumer goods industry as a result of extensive use, advertising and publicity.

104.    The Defendants' unauthorized commercial use of Wenger Emblem and SWISSGEAR after Plaintiff's Wenger Emblem marks acquired nationwide fame, is likely to dilute, tarnish, and blur the distinctive quality of Plaintiff's marks, and is diminishing the capacity of those marks to identify and distinguish Plaintiff's Goods, in violation of 15 U.S.C. § 1125(c).

105.    By reason of the acts of the Defendants, Plaintiff is suffering irreparable harm, and, unless the Defendants are enjoined from continuing these wrongful acts, Plaintiff will continue to suffer irreparable harm.

106.    Defendants willfully intended to cause dilution of Plaintiff's famous marks.  In addition to injunctive relief, in light of the intentional nature of the Defendants' actions, Plaintiff is also entitled to profits, damages and costs, as provided by law, including treble damages and attorneys' fees, in an amount to be determined at trial.

**FIFTH CLAIM FOR RELIEF**
**Trademark Counterfeiting Under 15 U.S.C. § 1114**

107.    Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

108.   Defendants' use of SWISSGEAR in connection with the marketing and sale of goods is a spurious designation that is identical to SWISSGEAR on goods covered by Plaintiff's federal trademark registrations.

109.   Upon information and belief, Defendants, with knowledge that their use of SWISSGEAR and the Wenger Emblem is counterfeit, have intentionally used those marks in the United States, in connection with the advertisement, promotion, sale, offering for sale and distribution of goods including, without limitation, at various trade shows in Las Vegas, Nevada.   Alternatively, Defendants have been willfully blind to the existence of Wenger's SWISSGEAR Marks.

110.   Defendants' use of SWISSGEAR and the Wenger Emblem to advertise, promote, offer for sale, distribute and sell their goods was at all times and is currently without Plaintiff's authorization, license, or consent.

111.   Defendants' use of SWISSGEAR and the Wenger Emblem in connection with the advertisement, promotion, sale, offering for sale, and distribution of goods on the Internet and at trade shows constitutes a use of the mark in commerce.

112.   Defendants' use of the Krummholz Registration is confusingly similar to Wenger Emblem (in that the Krummholz Registration encompasses the entire Wenger Emblem), and is a spurious designation that is indistinguishable from Plaintiff's use of the Wenger Emblem on goods covered by its trademark registrations.

113.   Defendants have intentionally used the Krummholz Registration, and thus the Wenger Emblem, knowing it is counterfeit, in connection with the advertisement, promotion, sale, offering for sale and distribution of goods including, without limitation, at various trade shows in Las Vegas, Nevada.

114.   Defendants' use of the Krummholz Registration, and thus the Wenger Emblem, to advertise, promote, offer for sale, distribute and sell goods bearing counterfeit trademarks has been and is currently without Plaintiff's authorization, license, or consent.

115.   Defendants' use of the Krummholz Registration, and thus the Wenger Emblem, on and in connection with the advertisement, promotion, sale, offering for sale, and distribution

23

of goods on the Internet and at trade shows constitutes a use of the mark in commerce.

116.   Defendants' conduct constitutes willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

117.   By reason of the foregoing, the Defendants are liable for: (a) statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. § 1117(c), or at Plaintiff's election, an amount representing three times Plaintiff's damages and/or the Defendants' illicit profits; and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

118.   Plaintiff is also entitled to permanent injunctive relief, including an order permitting the seizure of all "goods and counterfeit marks… the means of making such [counterfeit] marks, and records documenting the manufacture, sale, or receipt of things involved in such [counterfeiting] violations," pursuant to 15 U.S.C. § 1116(d).

### SIXTH CLAIM FOR RELIEF
### State Law Trademark and Trade Name Infringement (against all Defendants)

119.   Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

120.   Defendants' conduct constitutes trademark and trade name infringement under Nevada law.

121.   Upon information and belief, the Defendants have acted willfully, and with the intention and the likely result of confusing, misleading, and deceiving consumers.

122.   Defendants' conduct constitutes willful infringement of Plaintiff's rights in violation of Nevada law.

123.   By reason of the Defendants' conduct, Plaintiff is suffering irreparable harm and, unless the Defendants are enjoined from continuing these wrongful acts, Plaintiff will continue to suffer irreparable harm.

124.   In addition to injunctive relief, Plaintiff is also entitled to profits, damages, and costs, as provided by law.

**SEVENTH CLAIM FOR RELIEF**
**Copyright Infringement under 17 U.S.C. § 501(a) (against all Defendants)**

125. Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

126. The Krummholz Registration is substantially similar to Plaintiff's Wenger Logo Design.

127. Upon information and belief, Defendants had access to the Wenger Design Logo, and copied constituent elements of the Wenger Logo Design in creating the logo that is the subject of the Krummholz Registration.

128. Defendants are not authorized by Plaintiff to use Plaintiff's Wenger Logo Design, or any substantially similar variations thereof in any way.

129. The Fuzhou Hunter Entities' use and reproduction of the design subject to the Krummholz Registration constitutes infringement of Plaintiff's registered copyright, in violation of the Copyright Act, 17 U.S.C § 501(a).

130. Upon information and belief, Hunter Li, with knowledge of the Wenger Logo Design, has induced and caused the Fuzhou Hunter Entities to infringe Plaintiff's registered copyright in violation of the Copyright Act, 17 U.S.C § 501(a).

131. Upon information and belief, the aforesaid infringing conduct, by which Defendants are profiting, was undertaken willfully and with the intention of causing customer confusion, mistake or deception as to the source, sponsorship by or affiliation with Plaintiff.

132. By reason of Defendants' conduct, Plaintiff is suffering irreparable harm and, unless Defendants are enjoined from continuing its wrongful acts, will continue to suffer irreparable harm from Defendants' copyright infringement.

133. In addition to injunctive relief, Plaintiff seeks an order impounding Defendants' articles that display the Krummholz Registration or otherwise violate Plaintiff's copyright in the Wenger Logo Design.

134. Plaintiff is also entitled to actual damages and profits, or statutory damages of up to $150,000 for Defendants' willful infringement of Plaintiff's copyright-protected Wenger

Logo Design, and costs as provided by law including attorneys' fees in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF
### Common Law Unfair Competition (against all Defendants)

135.    Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

136.    Defendants' conduct constitutes unfair competition under Nevada law.

137.    By reason of such acts by the Defendants, Plaintiff is suffering irreparable harm and, unless the Defendants are enjoined from continuing these wrongful acts, Plaintiff will continue to suffer irreparable harm.

138.    In addition to injunctive relief, Plaintiff is also entitled to profits, damages and costs, as provided by law.

## NINTH CLAIM FOR RELIEF
### Cancellation of Trademark Registration Under 15 U.S.C. § 1119
### (against Krummholz International, Inc.)

139.    Plaintiff repeats the allegations in the foregoing paragraphs as if fully set forth herein.

140.    Plaintiff seeks cancellation of U.S. Trademark Registration No. 4,462,487 (the "Krummholz Registration"), as identified above.

141.    The Krummholz Registration does not qualify for registration under Lanham Act, 15 U.S.C. §1052(d).

142.    The logo that is the subject of the Krummholz Registration incorporates the whole of Wenger Emblem.  As such, the use of the Krummholz Registration in connection with goods marketed and sold by Krummholz and the other Fuzhou Hunter entities is likely to cause confusion, cause mistake, and/or deceive purchasers into the belief that such goods sold under the Krummholz Registration emanate from the same source as, or are authorized, sponsored, or endorsed by, Wenger S.A., in violation of Section 2(d) of the Lanham Act, 15 U.S.C. §1052(d), causing injury to Plaintiff and the public.

143.    The goods marketed and sold by Defendants using the Krummholz Registration

have been, and are continued to be, advertised, promoted, and/or sold through the same or similar channels of trade as Plaintiff's Goods, as discussed above.

144.    The goods marketed and sold by Defendants using the Krummholz Registration have been, and are continued to be, marketed to identical or similar groups of consumers as Plaintiff's Goods.

145.    Plaintiff is being damaged by the Krummholz Registration on the Principal Register because such registration gives color of exclusive statutory rights to the mark covered by the Krummholz Registration and wrongfully denies the same rights to Plaintiff in violation and in degradation of Plaintiff's prior and superior trademark rights in Wenger Emblem and the Wenger Logo Design.

146.    Plaintiff has been and will continue to be damaged by the continuance of the Krummholz Registration covering the Krummholz Registration which uses, copies, and replicates the trademark-protected Wenger Emblem, thereby causing a likelihood of confusion between Wenger Emblem and the mark covered by the Krummholz Registration.

147.    Plaintiff is also being damaged by the Krummholz Registration because the Krummholz Registration has a substantial similarity to, and uses, copies, and replicates, the copyright-protected Wenger Logo Design.

148.    In applying for—and obtaining—the Krummholz Registration, Krummholz falsely alleged ownership of the Wenger Logo Design, in violation of Section 1 of the Lanham Act, 15 U.S.C. §1051(a)(3)(A).

149.    Krummholz also fraudulently obtained the Krummholz Registration in that it knowingly made the false and material representation that it had a right to use and/or register the Wenger Logo Design, created by a licensee of Plaintiff and owned by Plaintiff.  Defendants' prior relationship in the manufacture of goods for Plaintiff incorporating the Wenger Logo Design provided Defendants with the knowledge that they did not own, or have any right to use or register, the Wenger Logo Design.  Krummholz filed an application for the Krummholz Registration with full knowledge of Plaintiff's rights in and to Wenger Emblem and the Wenger Logo Design.  By filing the application for the Krummholz Registration, Krummholz knowingly

made a false and material representation regarding its right to use the Wenger Logo Design with an intent to deceive the U.S. Patent and Trademark Office.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays for a judgment in its favor and against Defendants ordering that:

a. Defendants, and each of their officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, be preliminarily and permanently enjoined and restrained from:

1. Using SWISSGEAR, or any substantially similar designations, in advertising, promoting, or distributing any products or services;

2. Using the Wenger Emblem Mark, or any substantially similar designations, in advertising, promoting, or distributing any products or services;

3. Using the Wenger Logo Design, or any substantially similar designations, in advertising, promoting, or distributing any products or services;

b. Defendants, and each of their officers, directors, agents, servants, employees and representatives, and those persons in active concert or participation with them or any of them, shall cause all of their products, packaging and materials in the United States that contain SWISSGEAR, the Wenger Emblem Mark, the Wenger Logo Design, or any substantially similar designations of such marks and which have not been sold to end user customer to be destroyed or discarded;

c. Defendants be directed to file with this Court and to serve upon Plaintiff within thirty (30) days after service upon Defendants of this Court's injunction issued in this action, a written report by Defendants under oath setting forth in detail the manner in which Defendants have complied with this injunction;

d. Plaintiff recover its damages sustained as a result of Defendants' trademark infringement, dilution and tarnishment, unfair competition, and false designation of origin, under federal and state law;

e. Plaintiff recover statutory damages under 17 U.S.C § 504(c) for Defendants'

willful infringement of Plaintiff's federal copyright right;

f.      Plaintiff recover its reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

g.      The United States Patent and Trademark Office cancel U.S. Trademark Registration No. 4,462,487;

h.      Plaintiff recover treble damages under 15 U.S.C. § 1117 by reason of the willful and deliberate acts of federal trademark dilution by Defendant;

i.      Plaintiff recover its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

j.      Plaintiff recover its taxable costs and disbursements herein; and

k.      Plaintiff be awarded other relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.

Dated this 10th day of June, 2015.


By:   /s/ Gary R. Goodheart
GARY R. GOODHEART, ESQ. (NV Bar #1203)
KARL L. NIELSON, ESQ. (NV Bar #5082)
FENNEMORE CRAIG, P.C.
300 S. Fourth Street, Suite 1400
Las Vegas, NV 89101
Telephone:  (702) 692-8000
Facsimile:   (702) 692-8099
Email:    ggoodheart@fclaw.com
              knielson@fclaw.com

RICHARD H. BROWN, ESQ.
(*pro hac vice to be submitted*)
DAVID I. GREENBAUM, ESQ.
(*pro hac vice to be submitted*)
DAY PITNEY LLP
7 Times Square, 20th Floor
New York, NY 10036
Telephone:  (212) 297-5854
Facsimile:   (973) 206-6129
Email:    rbrown@daypitney.com
              dgreenbaum@daypitney.com

*Counsel for Plaintiff*

29